BASILIO PIÑERO ET AL., Plaintiffs and Appellants, *v.* RAFAEL SANCHO BONET, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 7644. Argued April 21, 1938.—Decided July 12, 1938.

*Miguel Guerra-Mondragón* for appellants. *F. Fernández García, Attorney General,* and *Enrique Córdova Díaz, Deputy Attorney General,* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

On September 20, 1937, the plaintiffs herein, Basilio Piñero and others, filed, in the District Court of San Juan, an amended complaint against Rafael Sancho Bonet, as Treasurer of Puerto Rico, to enjoin him or his subordinates from collecting a tax assesed under an ordinance of the Municipality of Río Piedras, which was passed at a special meeting of the municipal assembly of that town on February 23, 1937, and approved by the mayor and by the Executive Council of Puerto Rico on February 24 and March 23, 1937, respectively. The petitioners alleged in the district court that the said ordinance was void:

"(a) Because it was not posted to the public for a period of not less than twenty days, as imperatively required by subdivision (c) of section 46 of Act No. 53 of April 28, 1928 (Session Laws, p. 334).

"(b) Because it was not published twice a week in a newspaper of wide circulation in Puerto Rico before being submitted to the Executive Council, as provided for in said subdivision (c) of section 46 of Act No. 53 of 1928, but was published in the newspaper 'El País,' which is not a newspaper of wide circulation;

"(c) Because it did not reach the hands of the Treasurer of Puerto Rico, after being duly approved by the Executive Council, on or before the 15th of March 1937, but that it reached the defendant on the 23d of said month, in open violation of the provisions of the second paragraph of clause (2), subdivision (c), section 46 of the said Act No. 53 of 1928;

"(d) Because part of the special fund established by section 2 of the said ordinance is to be applied to works and for purposes the

cost of which may be and is included in the regular budget of the Municipality of Río Piedras;

"(e) Because section 4 of said ordinance is in conflict with the provisions of the second paragraph of clause (2) subdivision (c), section 46 of the aforesaid Act No. 53 of 1928, as it is sought thereby to extend the period for the levying of said additional tax assessed by section 1 of the said ordinance.

They further alleged that:

" . . . they have no other remedy affording them a speedy, efficient, and adequate relief, since should they avail themselves of the provisions of Act No. 8, approved April 19, 1927, 'providing for the payment of taxes under protest,' they would be deprived of their property without due process of law, because:

"(a) The said act fails to provide for the establishment of a trust fund to secure in any contingency the return to the taxpayer of taxes improperly collected, plus interest thereon;

"(b) The said act arbitrarily prescribes that municipal taxes improperly collected shall be returned to the taxpayer, after final judgment, in two instalments: one-half thereof during the first semester and the other half during the second semester of the next fiscal year, thus delaying for the period of one year the return of the sums collected.

"(c) The said act fails to provide for the payment to the taxpayer of interest on the sums paid under protest, should the tax, by reason of its being illegal, be recoverable."

On September 7, 1937, the date on which the original complaint was filed, the lower court set the 21st of the same month for hearing the parties, and issued a restraining order against the defendant subject to the furnishing of a bond in the sum of $3,000. On the day set for the hearing the Treasurer appeared in opposition to the complaint and moved that the restraining order be vacated, among other grounds because according to section 83 of Act No. 53, "Establishing a system of local government for the municipalities of Puerto Rico," approved April 28, 1928 (Session Laws, pp. 334, 398), the action had prescribed.

On October 30, 1937, the lower court dismissed the petition for a preliminary injunction and set aside the restrain-

ing order on the ground that the action had prescribed, as claimed by the defendant. Thereupon the plaintiffs took an appeal to this Supreme Court.

The four assignments of error submitted by the appellants in their brief for our consideration raise two fundamental questions which may be stated thus:

1st. Did the District Court of San Juan err in holding that the action of the plaintiffs had prescribed under section 83 of the Municipal Act of 1928, because of the lapse of thirty days from the publication of the ordinance in the newspaper "El País"?

2d. Did the lower court err in denying the petition for a preliminary injunction?

█ The power of the defendant municipality to approve such an ordinance as the one challenged in the case at bar derives from subdivision (c) of section 46 of Act No. 53 of 1928, which reads as follows:

"The municipal revenue shall consist-of—

"(a) * * * * * * *

"(b) * * * * * * *

"(c) Any surcharge of the tax on taxable property of the municipality, provided it shall be so decided by at least *two-thirds of the total membership of the municipal assembly. Ordinances imposing these surcharges shall require the approval of the Executive Council, on report of the Treasurer of Puerto Rico.* The said surcharge shall not exceed one per cent on the assessed value of the property, computing therein any additional tax on the said valuation for municipal purposes at present authorized or authorized in the future. Said ordinances *shall be posted to the public for a period of not less than twenty days and published twice a week in a newspaper of wide circulation in Puerto Rico before being submitted to the Executive Council.* Said surcharge or additional tax on the assessed value of the property, may be devoted only to the following purposes:

"(1) * * * * * * *

"(2) * * * * * * *

"Such surcharge or additional tax on the assessed value of property shall be collected by the Treasurer of Puerto Rico, a certified copy of the ordinances adopted by the municipal assembly *in the form set forth in subdivision (c) of this section,* to serve as authority

for the purpose, to be levied on the basis of the assessment made by the Department of Finance.

"The said surcharge or additional tax on the assessed value of property, when it is to be applied to the purposes specified in paragraph (2) of this section, may be levied solely for the fiscal year succeeding that in which the respective ordinance is adopted; but when it is to be applied to the payment of loans, with interest thereon, —paragraph (1) of this section—, it may be levied for such years as may be necessary until the total redemption of the said loan and the interest thereon. In no case shall this surcharge or additional tax on the assessed value of property be collected in the same fiscal year in which it is voted by the municipal assembly and approved by the Executive Council. Any ordinance of a municipal assembly levying any additional tax, including that known as school tax, on the assessed value of property, *shall be in the hands of the Treasurer of Puerto Rico, duly approved by the Executive Council, on or before the fifteenth day of the month of March*. If, for any reason, any municipality fails to adopt a proper ordinance for the levying of the tax known as the school tax in any fiscal year, said tax shall be deemed as levied and it is hereby ordered to be levied for the said fiscal year, at the same rate as it was in force during the preceding fiscal year, and the Treasurer of Puerto Rico shall proceed to collect the same in the usual manner." (Italics ours.)

Stated in more simple terms, the procedure to convert into an ordinance a bill to levy a surcharge on taxable property, consists of the following steps:

1. The bill imposing a surcharge must be approved by at least two-thirds of the total membership of the municipal assembly.

2. It must be posted to the public for a period of not less than twenty days.

3. It must be published twice a week in a newspaper of wide circulation in Puerto Rico before being submitted to the Executive Council.

4. Report from the Treasurer of Puerto Rico.

5. Approval by the Executive Council.

6. It must be in the hands of the Treasurer of Puerto Rico, duly approved by the Executive Council on or before the 15th of March.

Section 83 of the Municipal Law provides as follows:

"Section 83.—That on motion of the aggrieved party, the district court shall have jurisdiction—

"(a) To annul or review by writ of certiorari any legislative or administrative act of the municipal assembly, board of administration, mayor or other municipal official, which infringes the constitutional rights of the complainants or which is contrary to the Organic Act or to the laws of Puerto Rico.

"(b) To stay by injunction the execution of any ordinance, act, resolution or order which infringes rights guaranteed by the Constitution or by insular laws;

"(c) To compel by writ of mandamus the performance of ministerial duties by municipal officials;

"(d) To grant, under ordinary action, compensation for damages to parties injured by acts or omissions of municipal officials through malice or inexcusable negligence or ignorance.

"In the first two cases, the aggrieved party may file his suit only within the term of thirty days from and after the date on which the executive or administrative (act) shall have been performed or the ordinance, action, resolution or order shall have been promulgated or communicated to the complainant; *Provided,* That when the ordinance or resolution should be published in accordance with this Act, the said term of thirty days shall begin (to be computed) from the date of publication of said ordinance or publication."

The ordinance under consideration provides (section 5) that it "shall go into effect as soon as the same is approved by the Executive Council of Puerto Rico, and as to its provisions, in so far as the assessment of the tax is concerned, from the 1st of July, 1937." It appears from the certificate filed by the plaintiffs that the ordinance was approved by the Executive Council of Puerto Rico on March 23, 1937. We fail to find any legal provision which establishes, as an essential requisite for the validity and effectiveness of an ordinance, that the same should be published after its approval by the Executive Council. We must hold, therefore, that the ordinance under consideration went into effect on March 23, 1937, upon being approved or promulgated by the Executive Council of Puerto Rico.

 Section 83 of the Municipal Law, *supra*, fixes at thirty days the time within which any party which feels aggrieved by a municipal ordinance may bring a certiorari proceeding for the annulment or review of the ordinance, or an injunction to stay its execution. The only question in the present case is: How shall the term of prescription be computed? In our judgment, the statute is sufficiently clear to enable us, based thereon, to enunciate the following rules:

1st. Where the approval of the Executive Council is required for the validity of the ordinance involved, the period of thirty days for instituting certiorari or injunction proceedings must be computed from the date on which the ordinance is promulgated or approved by the Executive Council.

2d. Where it is a question of an ordinance that only requires for its validity the approval and signature of the mayor, the term of thirty days must be computed from the date on which the complainant is served with notice of the ordinance.

3d. Where the ordinance concerned involves penal sanctions or is required to be published in conformity with the provisions of section 74 of the Municipal Law, or in any other cases where the publication of an ordinance or resolution is an essential requisite for its validity, the term of thirty days must be computed from the day of the publication of such ordinance or resolution.

In the case at bar the publication of the ordinance after its approval by the Executive Council is not an essential requisite for its validity. The ordinance went into effect on March 23, 1937, the date of its approval by the Executive Council; and pursuant to section 5 thereof, the assessment of the tax became effective on July 1, 1937. The original complaint was filed on September 7, 1937, that is, five months and fourteen days after the approval of the ordinance by the Executive Council and sixty-seven days after the assessment of the tax.

It was not error for the lower court to hold that the term allowed by the statute to stay the execution of the ordinance by injunction had fully expired and that the action had prescribed.

The order appealed from must be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.